## Case No. 2,836.

### CLARK v. SPARHAWK et al.

[2 Wkly. Notes Cas. 115.]

Circuit Court, E. D. Pennsylvania. June 17, 1875.

SET-OFF—NOTICE TO JOINT OWNER OF SALE OF COLLATERALS.

1. A., having purchased stock on joint speculation with B., pledged it to secure his own debt. Becoming insolvent it was sold by the pledgees at a loss, without any notice to B. A. and B. then agreed that the balance due A. by B. for his share of the loss should be set off against a larger debt due by A. to B.'s firm. A. then made a general assignment for creditors, and subsequently was adjudged a bankrupt. After the general assignment (but before the bankruptcy), the other members of B.'s firm concurred in the agreement for set-off, with the exception of one absent partner, who afterwards also concurred. In an action by A.'s assignee in bankruptcy to recover from B. the balance originally due A., held that, B.'s partners not having agreed to the set-off until after the rights of A.'s creditors had become fixed by the assignment, the set-off could not be allowed.

2. B. was, however, entitled to notice from A., and an opportunity to redeem the stock before its sale, in default of which he was entitled, by way of set-off, to the benefit of a subsequent rise in the market, within a reasonable time, which was a question for the jury.

Error to the district court for the eastern district of Pennsylvania.

Assumpsit by Sparhawk, and others, assignees in bankruptcy of Yerkes, against Clark.

It appeared from the evidence that in pursuance of an agreement between Clark and

Yerkes to enter into a joint speculation, Yerkes purchased (and paid for) certain stock which he then pledged, mingled with other similar stock of his own, and afterwards, on October 16, 1871, became insolvent. On October 20, the larger portion of the pledged stock was sold by the pledgees at a loss, of which sale Clark received no notice from either Yerkes or the pledgees, whereupon Yerkes rendered Clark an account charging him with the difference between half the cost and half the proceeds of the stock. Clark made no objection to the account, or to the transaction, but agreed with Yerkes that the said balance should be set off against a larger debt due by Yerkes to the firm of E. W. Clark & Co., of which firm Clark was a member. On October 24, Yerkes made a general assignment for the benefit of creditors, under the state law, and in November following proceedings in bankruptcy were commenced. After the general assignment (but before the proceedings in bankruptcy), the other members of B.'s firm concurred in the agreement for the set-off, as above recited, with the exception of one absent partner, who subsequently also concurred. The course of dealing employed by Yerkes was a common one among brokers, and of this Clark was aware. It further appeared that the stock rose in value after the said sale, and that in December, 1871, a remaining portion of the pledged stock was sold by the pledgees thereof at a higher rate than the portion first sold, and that Clark did not know, when notified of the sale, that Yerkes had this stock on hand. [Clark brought error.]

THE COURT (CADWALADER, District Judge) instructed the jury as follows: The stock was sold by Mr. Yerkes without any notice to Mr. Clark although a crisis in the market had occurred, causing a loss and a derangement in rates and prices. I am of opinion that Mr. Clark was entitled to notice, and to an opportunity to redeem the stock before it was sold, and also of opinion that the fact, which is undisputed, that Mr. Yerkes had, by pledging this and other stocks put it out of his power to control the sale of them, would make it the more necessary to consider Mr. Clark's interest. Therefore, Mr. Clark is not chargeable with the actual loss on the day of sale; but you may look at the subsequent state of the market for such, reasonable time as might be allowable for the redemption or taking up of the stock. I do not think he was entitled to an indefinite delay, and it seems that within the limits of a reasonable time his loss would not have been reduced more than $875. Another objection is to the whole of the demand in dispute. It seems that Mr. Yerkes was indebted to E. W. Clark & Co., of which defendant was a member, in a larger amount than the present claim. It appears that there was at some period an

agreement among all the partners that he might make use of that by way of set-off. (I should hold that if all the partners of E. W. Clark & Co. had agreed that these debts should be set off before Yerkes' assignment to his voluntary assignee in bankruptcy, the debts could be set off; but it is not contended that all the members of the firm had agreed to this before the assignment to Mr. Pile October 24, nor that all had agreed before proceedings in bankruptcy. Therefore, I instruct you that this defence can not be maintained, and that the assignment vested the rights of creditors which could not be disturbed by any subsequent agreement. I am requested to say to you that under the circumstances of the case the defendant is entitled to have the account liquidated according to the highest price of any one thousand shares of such stock as included the stock in question, and which was on hand at the time of failure. This would be true, and might be applicable if Mr. Clark had not been notified, as he was, of the sale on the 20th of October, and had not omitted to object. Nor was this omission to object to stand in his way if he did not know that the course of business between the parties excused Mr. Yerkes from setting apart any particular one thousand shares. Notwithstanding this circumstance, the proposition is correct, so far as the highest price within a reasonable time is in question.)

Verdict for the plaintiffs for the full amount claimed, less $875 deducted as suggested by the judge, and judgment thereon. The defendant took this writ of error, assigning therefor that portion of that judge's charge inclosed in brackets.

Samuel Dickson, for plaintiff in error.

Set-off should have been allowed, notwithstanding Gray v. Rollo, 18 Wall. [85 U. S.] 629, because the right depends upon the law of this state. Ratification is retroactive. The subsequent assent of the other members of E. W. Clark & Co. was sufficient. "Omnis rati habitio," etc. But Clark was entitled to the best discretion of Yerkes, his partner in this transaction in selling the stock. No discretion was exercised, and it was sold by a pledgee at a forced sale. Yerkes took the good sale to himself, while the bad one was put upon Clark. The partnership, in such cases, should always be credited with the best bargain. See the cases in 1 Lindl. Partn. (2d Ed.) 595–613. His ratification of the sale, when notified by Yerkes, cannot bind him, as he was not told that there was other stock of the same kind still on hand, and knowledge of all the facts is necessary to make a ratification final.

Mr. Junkin. contra.

Gray v. Rollo, supra, rules this case, and agrees with the law of this state. The ac-

tual consent of all the partners was necessary, but here this was not obtained until after a general assignment which fixed the rights of all parties, and that of F. H. Clark not till after proceedings in bankruptcy. Clark knew the course of dealing employed, and is presumed to have contracted in accordance therewith. Moreover he was notified of the sale and afterwards accepted it.

June 18. McKENNAN, Circuit Judge. Judgment of district court affirmed.

NOTE [from original report]. The rule laid down in this case, as to the measure of damages on a wrongful conversion of stock was adopted by the New York court of appeals in Baker v. Drake (1873) 53 N. Y. 211, where the cases are reviewed by Rappallo, J., overruling Markham v. Jaudon, 41 N. Y. 235. In Pennsylvania, however, it has been frequently said that the measure of damages is the highest price of the stock between the time of contract to return, or the time of conversion, and the date of the trial. See Bank of Montgomery v. Reese, 2 Casey [26 Pa. St.] 143; Reitenbaugh v. Ludwick, 7 Casey [31 Pa. St.] 131; Musgrave v. Beckendorff, 3 .P. F. Smith [53 Pa. St.] 310; Persch v. Quiggle, 7 P. F. Smith [57 Pa. St.] 247. This rule has been limited, however, to cases where it is the duty of the defendant "to deliver the stocks at a particular time, and that duty has not been fulfilled." Phillips' Appeal, 18 P. F. Smith [68 Pa. St.] 130; Neiler v. Kelley, 19 P. F. Smith [69 Pa. St.] 403; Work v. Bennett, 20 P. F. Smith [70 Pa. St.] 487.